**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

IN RE: C. R. BARD, INC.,
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION           MDL No. 2187

---

THIS DOCUMENT RELATES TO:

*Lylia E. Torne v. C. R. Bard, Inc., et al.*           Civil Action No. 2:14-cv-03106

**MEMORANDUM OPINION AND ORDER**

On February 13, 2017, pursuant to Rules 16(a)(5) and 37(b)(2)(A) of the Federal Rules of Civil Procedure, I granted as moulded a motion to dismiss made by defendant Tissue Science Laboratories Limited ("TSL") for the plaintiff's failure to appear at a mandatory settlement conference. [ECF No. 13]. In reaching this decision, I relied on *Wilson v. Volkswagen of America, Inc.*, 561 F.2d 494 (4th Cir. 1977), in which the Fourth Circuit identified four factors that a court must consider when ruling on a motion to dismiss under Rule 37(b)(2)(A). *See* Order at 4–6 [ECF No. 13] (applying the *Wilson* factors to Ms. Torne's case).[1] Concluding that the first three factors weighed in favor of sanctions as requested by TSL, I nevertheless declined to award dismissal because it would offend the court's duty under *Wilson's* fourth factor, which is to consider the effectiveness of lesser sanctions. In recognition of this duty, I ordered that the plaintiff pay TSL a $1,000.00 monetary sanction and that, in the event the plaintiff failed to pay TSL $1,000.00 within thirty days, the plaintiff's claims against TSL would be dismissed with prejudice without further

---

[1] The *Wilson* factors are as follows: (1) Whether the noncomplying party acted in bad faith; (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions. *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson*, 561 F.2d at 503–06).

notice to the plaintiff. I also directed the Clerk to send a copy of the Order to the plaintiff via certified mail, return receipt requested, and to post the order on the court's website for thirty days. C. R. Bard, Inc. ("Bard") joined in TSL's motion to dismiss on February 15, 2017. [ECF No. 14]. On May 16, 2017, TSL advised me that the plaintiff has not complied with my order. In addition, the plaintiff has not filed a pleading or responded to my order.

Accordingly, the court **ORDERS** that the plaintiff's claims against TSL are **DISMISSED with prejudice**. The court further **ORDERS** that Bard's motion [ECF No. 14] to join in TSL's motion is **GRANTED**, and the plaintiff's claims against Bard are **DISMISSED with prejudice**. Because no other defendants remain in the case, the plaintiff's case is closed and stricken from the docket.

The court **DIRECTS** the Clerk to send a copy of this Order to the plaintiff via certified mail, return receipt requested, and to counsel.

        ENTER:      May 22, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE